UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
DEMOS P. DEMOPOULOS, DANIEL J. GATTO, *
KENNETH BARRETT, WILLIAM CASSESE *
and JOHN A. CURCIO, as Trustees and Fiduciaries *
of the LOCAL 854 HEALTH & WELFARE *
BENEFITS PLAN, *
                *   COMPLAINT
          Plaintiffs, *
                *
   - against - *
                *
DR. SAMEH H. AKNOUK DENTAL SERVICES *
PC, *
                *
          Defendant. *
-----------------------------------------------------------------X

    The Trustees and Fiduciaries of the Local 854 Health & Welfare Benefits Plan (the "Plan") (the individuals named in the caption as trustees of the plan at issue shall be collectively referred to herein as the "Trustees" or "Plaintiffs"), by their attorneys, Friedman & Anspach, allege as follows:

## INTRODUCTION

    1.  The Trustees bring this action to compel Defendant Dr. Sameh H. Aknouk Dental Services PC ("Defendant") to submit unpaid and delinquent contributions, plus statutory damages, including interest, the greater of additional interest or liquidated damages, and reasonable attorney's fees and costs.

    2.  In bringing this action, the Trustees are enforcing the terms of the trust agreement governing the Plan (the "Trust Agreement"), as well as the collective bargaining agreements requiring contributions to the Plan between Defendant and Local 553, I.B.T.[1] ("Local

---

[1] Local 553 is the successor union to Local 854, I.B.T.

1

553" or the "Union"). This action is based on provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001, et seq. Specifically, Plaintiffs invoke Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), in that they seek to enforce terms of the Trust Agreement, and to prevent violations of Section 515 of ERISA, 29 U.S.C. § 1145.

## JURISDICTION AND VENUE

3. This Court's jurisdiction is based on Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1).

4. This Court is one of proper venue pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), because Defendant conducts business in this District.

## PARTIES

5. The Plan is an employee benefit plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3). It was established pursuant to the terms of various collective bargaining agreements between the Union and various employers who are required to make contributions to the Plan on behalf of their employees who are covered by the collective bargaining agreements. The Plan provides various pension benefits to covered employees, retirees, and their dependents. The Plan is operated pursuant to the terms of the Trust Agreement.

6. The Plan's principal office is located at 50 Charles Lindbergh Boulevard, Suite 207, Uniondale, New York 11553.

7. The Trustees are the "plan sponsor" within the meaning of Section 3(16)(B)(iii) of ERISA, 29 U.S.C. § 1002(16)(B)(iii).  The Trustees are fiduciaries of the Plan, as defined by Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

8. Upon information and belief, Defendant is a New York corporation that maintains and/or maintained its principal place of business at 545 Johnson Avenue, Suite 10, Bohemia, New York 11716, and has employed at least one employee covered by a collective bargaining agreement with Local 553.

## BACKGROUND

### A. COLLECTIVE BARGAINING AGREEMENTS WITH THE UNION

9. Defendant has been a party to and bound by a series of collective bargaining agreements with Local 553 covering the period from at least April 17, 2017 through April 16, 2020.

10. The collective bargaining agreements bind Defendant to the terms of the Trust Agreement.

### B. CONTRIBUTIONS TO THE PLAN

11. Pursuant to the terms of the collective bargaining agreements and Article VII of the Trust Agreement, Defendant is required to submit contributions on behalf of covered employees.

12. Article VII of the Trust Agreement and Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3) authorize the Trustees to bring an action to enforce an employer's

obligations to the Plan under its collective bargaining agreements with Local 553, including the obligation to make contributions to the Plan.

13. The Trust Agreement, the Plan's Policy for the Collection of Delinquent Contributions, Audits and Mistaken Contributions, and 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B), require payment of interest on unpaid contributions at the rate of eighteen percent (18%) per annum.

14. Article VII, Section 8 of the Trust Agreement and Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C), further provide for payment of the greater of liquidated damages in an amount equal to twenty percent (20%) of unpaid contributions or an amount equal to the interest on unpaid contributions.

15. Article VII, Section 8 of the Trust Agreement and Section 502(g) of ERISA, 29 U.S.C. § 1132(g), also provide that in an action to collect delinquent contributions the Court shall award reasonable attorneys' fees and costs.

16. Any failure by Defendant to pay contributions to the Plan promptly when due is a violation of Section 515 of ERISA, 29 U.S.C. § 1145, which requires "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of the collectively bargained agreement . . . [to] make such contributions in accordance with the terms and conditions of such plan or such agreement."

17. In enforcing Section 515 of ERISA, 29 U.S.C. § 1145, Plaintiffs are entitled under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), to the following: unpaid contributions; interest on the unpaid contributions at the rate of 18% per annum; an amount equal to the greater of interest on the unpaid contributions or liquidated damages in the amount of

twenty percent (20%) of the unpaid contributions; reasonable attorneys' fees and costs of the action; and such other relief as the Court deems appropriate.

    C.    DELINQUENT CONTRIBUTIONS

18. Pursuant to the collective bargaining agreements, Defendant's required contribution rate per employee per month is $751.00 for the period from May 1, 2017 to April 16, 2020.

19. Defendant has failed to submit contributions on behalf of its employee Dayana Taveras for at least the period from December 2017 to July 2018.

20. Defendant has failed to submit contributions on behalf of its employee Sameh Aknouk for at least the period from March 2018 to July 2018.

FIRST CAUSE OF ACTION

21. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 20 as if the same were fully set forth herein.

22. Defendant has failed to make required contributions at the rates set forth in the collective bargaining agreements. From December 2017 to July 2018, Defendant owes $9,763.00 in delinquent contributions.

23. Defendant remains obligated to pay contributions to the Plan which may become due and owing following July 2018 and during the pendency of this action.

24. Defendant is liable for a total of $9,763.00 in delinquent contributions, plus interest on the delinquent contributions at the rate of eighteen percent (18%) per annum; plus an amount equal to the greater of interest on the unpaid contributions or liquidated damages

in the amount of twenty percent (20%) of the unpaid contributions; plus reasonable attorney's fees and costs.

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

A.   <u>On the First Cause of Action</u>:

(1)   An Order holding Defendant liable for payment of delinquent contributions owed pursuant to the collective bargaining agreements, the Trust Agreement, and ERISA Sections 502 and 515, 29 U.S.C. §§ 1132, 1145, for the period from December 2017 to July 2018 in the amount of $9,763.00;

(2)   An Order holding Defendant liable for any delinquent contributions which may become due and owing following July 2018 and during the pendency of this action;

(3)   An Order holding Defendant liable for payment of interest on all delinquent contributions, at the rate of eighteen percent (18%) per annum, as provided in Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2);

(4)   An Order holding Defendant liable for payment of the greater of additional interest at the rate of eighteen percent (18%) per annum, or liquidated damages equal to twenty percent (20%) of delinquent contributions, as provided in Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2);

(5)   An Order holding Defendant liable for payment of an award of all attorneys' fees and costs, in accordance with Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2);

   (6) An Order enjoining Defendant to make contributions to the Plan for the duration of the current collective bargaining agreement at the rate provided in the collective bargaining agreements; and

   (6) Such other and further equitable relief as this Court deems appropriate.

Dated: August 23, 2018
   New York, New York

              By:   /s/
                 Anusha Rasalingam

                 FRIEDMAN & ANSPACH
                 1500 Broadway, Suite 2300
                 New York, New York 10036
                 (212) 354-4500
                 arasalingam@friedmananspach.com

                 Attorneys for Plaintiffs

4810-6238-3728, v. 1